IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICARDO QUINTERO-DIARTE,                               PETITIONER
# 08654-063

VERSUS                                      CAUSE NO. 3:25cv93-TSL-MTP

WARDEN, YAZOO CITY LOW                                 RESPONDENT

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court sua sponte.  Pro se petitioner Ricardo Quintero-Diarte is incarcerated with the Bureau of Prisons ("BOP").  He filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking immediate placement into pre-release custody.  The court has considered and liberally construed the pleadings.  As set forth below, this case is dismissed.

## BACKGROUND

Quintero-Diarte is serving a sentence handed down from the United States District Court for the Western District of Missouri.  He is currently serving that term at the Federal Correctional Institution in Yazoo City, Mississippi.

On February 6, 2025, petitioner filed this action, specifically invoking § 2241.  He argues that the First Step Act entitles him to serve the remainder of his sentence in either home confinement or a Residential Reentry Center ("RRC") but

that the BOP will not transfer him to either form of pre-release

custody because he has an ICE detainer.  He asks this court to

transfer him to pre-release custody immediately.

**DISCUSSION**

Quintero-Diarte's petition is not cognizable under § 2241.

As to suits filed by prisoners, "[w]hich statutory vehicle to

use depends on the nature of the claim and the type of relief

requested, the instructive principle being that challenges to

the fact or duration of confinement are properly brought under

habeas, while challenges to the conditions of confinement" may

be a civil rights action.  Poree v. Collins, 866 F.3d 235, 243

(5th Cir. 2017) (footnotes omitted).  The Fifth Circuit has

adopted the following "bright-line rule" for determining whether

a prisoner's claim may be brought under § 2241: "[I]f a

favorable determination of the prisoner's claim would not

automatically entitle him to accelerated release, then the

proper vehicle is a civil rights suit."  Melot v. Bergami, 970

F.3d 596, 599 (5th Cir. 2020) (citing Carson v. Johnson, 112

F.3d 818, 820-21 (5th Cir. 1997)).

In his petition, Quintero-Diarte asserts his is eligible

for some form of pre-release custody, either home confinement or

placement in an RRC.  He challenges only where he should serve

his sentence, not whether or how long he should serve.  His

claim does not concern the cause of his detention, and success

will not automatically entitle him to accelerated release from

his sentence.  Accordingly, his claim is not cognizable as a §

2241 habeas action.  See Melot, 970 F.3d at 599 (prisoner's

habeas petition seeking home confinement under First Step Act

program for eligible elderly offenders "involve[d] his

conditions of confinement and [was] more properly brought" as a

civil rights action); Robinson v. Baysore, Civ. Action No. 3:23-

cv-489-HTW-LGI, 2024 WL 5466090 at *2 (S.D. Miss. Jul. 26, 2024)

(R&R) (holding that prisoner's petition was not cognizable under

§ 2241 because "[a] finding in [his] favor would effect a change

in his confinement, i.e., from institutional custody to

residential custody, not its duration.  He still must serve the

entirety of his sentence."), adopted 2025 WL 429796 (S.D. Miss.

Feb. 7, 2025); Rodriguez v. Berkebile, Civ. Action No. 5:17-cv-

13-DCB-MTP, 2018 WL 6411353 at *1 (S.D. Miss. Dec. 6, 2018)

(dismissing § 2241 petition requesting placement in an RRC

because petitioner was not seeking immediate release from

custody but a transfer to an RRC and therefore, the proper

vehicle for his claims was a civil rights suit).

　　　Rather than liberally construe this action as a civil

3

rights case, it will be dismissed without prejudice.  <u>See</u>

<u>Lineberry v. United States</u>, 380 F. App'x 452, 453 (5th Cir. June

8, 2010).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons

stated above, this case is **DISMISSED WITHOUT PREJUDICE.**  A

separate final judgment shall issue pursuant to Federal Rule of

Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 8th day of May, 2025.


                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE